```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MICHIGAN
                      SOUTHERN DIVISION
```

**KIMBLEY MAYS,**

       Plaintiff,           CIVIL ACTION NO. 10-13347

  v.                      DISTRICT JUDGE AVERN COHN

                         MAGISTRATE JUDGE MONA K. MAJZOUB

**COMMISSIONER OF
SOCIAL SECURITY,**

       Defendant.
_____/


### REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

          \*    \*    \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits in November 2005, alleging that she had become disabled and unable to work on November 7, 2005, at age 33, due to severe arthritic joint pain, sleep apnea and mental depression. Benefits were denied by the Social Security Administration. A requested *de novo* hearing was held on June 19, 2008, and continued on August 21, 2008, before Administrative Law Judge (ALJ) Ethel Revels. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of light work, which did not involve frequent bending or the climbing

of stairs/ramps. The Law Judge further restricted claimant to simple jobs that did not require exposure to dangerous machinery or unprotected heights. She could not perform overhead reaching with her right, dominant arm. Claimant was found to have moderate limitations in her ability to concentrate for extended periods. Given her depression and joint pain, the ALJ found she could not carry out detailed instructions. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 36 years old at the time of the administrative hearing (TR 277). She had earned the equivalent of a high school education, and had received a nursing certificate from a vocational school (TR 277-278). Claimant had been employed during the relevant past as a home health care aide for the University of Alabama. She had also worked as a mail room clerk for Pitney Bowes. (TR 280-283). As a nurse's assistant, she was required to be on her feet for most of the work day. She had to constantly handle and grasp large objects. She was required to lift about 50 pounds on a regular basis (TR 89-90).

Claimant stopped working in November 2005, due to back spasms, arthritic knee pain, neck discomfort and chronic headaches (TR 284-285). Pain medications allegedly proved ineffective, and caused such side-effects as impaired concentration, dizziness and

chronic fatigue (TR 285, 290-291). Plaintiff explained[1] that back pain radiated into her legs, which made standing and walking for extended periods nearly impossible (TR 288-290). Other impairments which prevented Plaintiff from returning to work included periodic headaches, chronic joint pain in her upper extremities and mental depression (TR 286, 291-292, 294). Plaintiff also complained of sleep apnea, but admitted that a CPAP machine had helped relieve the condition (TR 292-293).

A Vocational Expert, Harry Cynowa, classified Plaintiff's past work as light to medium, unskilled activity (TR 306). If she were capable of light work, the Vocational Expert testified there were numerous unskilled inspection, assembly and packaging jobs that she could perform with minimal vocational adjustment (TR 317). These simple, routine jobs did not require frequent bending, overhead reaching with the right hand, or stair climbing. They would also not expose her to moving machinery or unprotected heights(TR 316).

ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of arthritis, residuals from a status post closed head injury, fibromyalgia, sleep apnea, depression, back pain and a balance disorder, but that she did not have an impairment or combination of impairments severe enough to meet or

---

[1]Although informed of her right to representation, the claimant chose to appear and testify without the assistance of an attorney or other representative (TR 276).

3

equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from frequent bending, stair climbing or performing any overhead reaching with her right arm. Claimant could not work around dangerous machinery or at unprotected heights. She was also limited to simple instructions, due to a moderate limitation in her ability to maintain concentration for extended periods. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of light jobs, as identified by the Vocational Expert.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. <u>Kirk</u>, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, <u>Mullen v. Bowen</u>, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), <u>Casey v. Secretary</u>, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, <u>Kinsella v. Schweiker</u>, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she retained the residual functional capacity for light work activity. She claims that the ALJ erred in weighing the evidence, and gave insufficient weight to combined effects of her impairments. Defendant counters that the ALJ did not unreasonably reject claimant's credibility, and that the Plaintiff failed to corroborate her disability claim with objective clinical evidence demonstrating her inability to perform light work for a continuous period of twelve months.

## DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work. Contrary to Plaintiff's assertion, the medical evidence did not support her allegation of totally disabling joint pain or mental depression. The ALJ's decision was consistent with the specific limitations imposed by physicians of record.

Dr. Cynthia Shelby-Lane, a consultative examiner, reported in March 2006, that Plaintiff' joint pain would not prevent her from sitting or stooping. She was found capable of carrying objects, picking up small objects, and buttoning her clothes (TR 195, 200). Dr. Shelby-Lane stated that the claimant enjoyed full range of motion in all joints, except for her knees where there was decreased range of flexion movement (TR 198-199). Plaintiff could get on and off the examination table without difficulty. She had a normal gait and stance, and could tandem walk without difficulty (TR 195).

Dr. Haranath Policherla, a treating neurologist, confirmed in June 2006, that Plaintiff's tandem gait and heel/toe walking were normal (TR 213). Dr. Policherla added that an MRI scan of claimant's brain was also normal (TR 216). After Plaintiff had sustained head, neck and back injuries in an automobile accident in February 2006, the treating doctor prescribed physical therapy and pain medications (TR 218-219). The therapy was apparently successful, as Dr. Policherla reported in October 2007, that claimant's back pain was only intermittent (TR 235).

Post accident X-rays of Plaintiff's hips, knees, right shoulder and wrists were normal (TR 164, 197). While the claimant continued to have frequent headaches, she testified that they resolved after she took her medication (TR 285). Pain medications also helped relieve Plaintiff's knee pain (TR 290). A CPAP machine reportedly helped alleviate symptoms related to sleep apnea (TR 215, 224, 292-293).

When evaluating Plaintiff's residual physical and mental functional capacity, the Administrative Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded in April 2006, that the claimant could perform a restricted range of light work, despite her joint pain and periodic depression (TR 204-207). There was no objective medical evidence suggesting that Plaintiff needed to rest frequently throughout the day. The ALJ took into consideration claimant's objectively proven functional limitations by restricting her to jobs that did not involve climbing stairs or overhead reaching with her right arm. The ALJ further found that Plaintiff could not work around hazardous machinery or heights, given her balance problems (TR 15).

The ALJ reasonably accommodated Plaintiff's mental difficulties by limiting her to simple, routine tasks performed in a non-stressful work environment. She would not have to follow detailed instructions, or maintain concentration for extended periods (TR 15). Significantly, Plaintiff did not testify to any limitations resulting from depression.

By establishing that she could not return to her past relevant work, the Plaintiff effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however,

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled inspection, assembly and packaging jobs that she could perform with minimal vocational adjustment (TR 317). These simple, routine jobs did not require frequent bending, overhead reaching with the right hand, or stair climbing. They would not expose her to moving machinery or unprotected heights (TR 316). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity[3].

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within

---

[3]Contrary to Plaintiff's assertion that she would have been found disabled but for the testimony of the Vocational Expert, there was nothing in the medical record contradicting his opinion that there were a significant number of jobs existing in the economy that she remained capable of performing. In fact, the Vocational Expert testified that there would still be a significant number of sedentary jobs for her to perform even if her testimony were fully credited (TR 316-317).

fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 12, 2011            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                United States Magistrate Judge


PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 12, 2011            s/ Lisa C. Bartlett
                                Case Manager