UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBLEY MAYS,

       Plaintiff,                            Case No. 10-13347

v.

COMMISSIONER OF SOCIAL SECURITY,      Hon. Avern Cohn

       Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

### I. Introduction

This is a social security case. Plaintiff Kimbley Mays, proceeding pro se, appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Mays claims disability since November 7, 2005, due to arthritic joint pain, sleep apnea, and depression.

The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Mays' motion for summary judgment be denied and that the Commissioner's motion be granted. Mays filed timely objections to the MJRR. For reasons that follow, the Court will adopt the MJRR.

### II. Background

#### A. Facts

The MJRR sets forth the facts, many of which are repeated here. Mays applied for disability benefits in November 2005, alleging that beginning on November 7, 2005

she was disabled and unable to work due to arthritic joint pain, sleep apnea, and depression. The Social Security Administration (SSA) denied Mays' claim. After a hearing the ALJ issued a decision denying benefits, finding that Mays was not disabled and concluding that Mays could perform a limited range of light work which did not involve frequent bending, climbing stairs/ramps, and did not require exposure to heights or dangerous machinery. The ALJ also restricted Mays to jobs that required only simple instructions and did not involve overhead reaching with her right arm. The vocational expert identified a significant number of jobs that Mays could perform despite her limitations.

Mays requested a review of the ALJ's decision. The Appeals Council (AC) declined to review Mays' case finding no reason under its rules to disturb the findings of the ALJ. Mays commenced the instant action for judicial review of the denial of benefits. The motions for summary judgment were referred to an MJ.

Mays argued that the ALJ's decision was not supported by substantial evidence because 1) the ALJ erred in weighing the evidence by giving insufficient weight to the combined effects of her impairments. The MJRR rejected Mays' assertions and found that there was substantial evidence in the record to support the ALJ's decision.

### B.  MJRR Objections

Mays now objects to the MJRR on the grounds that the MJ erred by 1) failing to properly consider the totality of her impairments, 2) that no employer would hire her given her restrictions, and 3) that new medical evidence demonstrates she is unable to work.

### III.  Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(c); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV. Discussion

A. Substantial Evidence Exists in the Record to Support the Finding that Mays is Not Disabled.

1. The First Objection: Totality of Impairments

Mays argues that the MJ erred in concluding that the ALJ's assessment of her impairments was supported by substantial evidence. More specifically, she contends that the MJ failed to give adequate consideration to the combination of her impairments.

The record reflects substantial evidence to the contrary. Specifically, the ALJ relied on the findings of several physicians who examined Mays, Drs. Mahmood and Shelby-Lane. Dr. Mahmood's examination determined that Mays could lift up to 50 pounds and 25 pounds frequently. He also identified no postural or environmental restrictions. The findings of Dr. Shelby-Lane also support the determination that Mays did not suffer from a disability. Dr. Shelby-Lane noted that Mays walked without difficulty during the exam, had a normal gait and stance, and intact gross and fine dexterity. Further, that Mays could perform postural maneuvers like bending and stooping. She indicated that the only joints that showed a reduced range of motion were the knees. Her assessment was that Mays could perform light work.

Dr. Zahra performed a mental assessment. He found that Mays was able to perform simple unskilled tasks on a sustained basis. Moreover, the Dr. reported only mild difficulties in social functioning and concentration. Mays offered no medical opinion that supported her claim that depression prevented her from working. Although Mays points to the many impairments she suffers from as combining to make her unable to work the record reflects that several of the impairments were being treated effectively. Mays testified that medication relieved her headaches, back spasms, and knee pain. Her sleep apnea appears to have been treated by a CPAP machine, albeit with some complaints that adjustments were necessary. Finally, the record indicates medical evidence that x-rays of her hips, knees, wrists, and right shoulder were normal. Mays has not introduced any medical evidence that would contradict any of these findings.

The vocational expert made a determination that there were several categories of jobs that Mays could complete despite her restrictions. Nothing in the record

contradicts this assertion.  In fact, the medical testimony supports a wider range of job functioning than that eventually adopted by the ALJ.  The Court agrees that there is substantial evidence to support the ALJ's finding.

### 2. Second Objection: Determination of the Vocational Expert

Next, Mays argues that she is unemployable given her restrictions. This objection is functionally an assignment of error to the determination of the ALJ that she qualified for jobs in the national economy.  The ALJ accepted the determination that Mays could no longer complete past relevant work. The burden then shifted to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform. The Commissioner can meet this burden by relying on the testimony of a vocational expert. 20 C.F.R. §§ 416.912, 416.920. Jones v. Apfel, 190 F.3d 1224 (11th Cir. 1999).  The vocational expert testified that Mays could manage light work and that a significant number of jobs existed that she could perform. Mays presented no evidence to contradict that finding.

The record reflects that the ALJ relied on the testimony of the medical experts that Mays could complete light work and that of the vocational expert that there were a significant number of jobs in the national economy within her range of abilities.  The Court finds substantial evidence to support the ALJ's finding that Mays was qualified for a significant number of jobs.  As such, this objection to the MJRR fails.

### B.  Objection Three: New Evidence of Disability.

With her objection to the MJRR Mays attached a medical evaluation performed by Dr. William Tuuri, M.D. The Doctor concludes that Mays cannot work in any job for

one year. The Court cannot consider this evaluation in its review of the MJRR. The scope of review of this Court is limited to the record created during the administrative process. <u>Wilbanks v. Sec'y of Heath and Human Servs.</u>, 847 F.2d 301, 303 (6th Cir. 1988). It does not appear that this information was submitted during the administrative review or to the MJ. This Court does not make determinations of disability, rather it is limited to ensuring the agency relied on appropriate legal standards and made findings of fact supported by the record.

### V.  CONCLUSION

For the reasons stated above the MJRR is adopted, Mays' motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.


Dated:  September 14, 2011            s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Kimberly M. Mays, 7389 Marcus, Detroit, MI  48213 and the attorneys of record on this date, September 14, 2011, by electronic and/or ordinary mail.


                                      S/Julie Owens
                                     Case Manager, (313) 234-5160